# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

HOUSING SOLUTIONS LLC, a New
Mexico limited liability company,

      Plaintiff,

      vs.                               No. CIV 99-183 LH/JHG

INCORPORATED COUNTY OF LOS
ALAMOS, NEW MEXICO,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss Amended Complaint (Docket No. 10), filed May 13, 1999. The Court, having considered the pleadings submitted by the parties, the arguments of counsel, and otherwise being fully advised, concludes that Defendant's motion shall be **granted** and that this case shall be **dismissed without prejudice**.

## TAKING WITHOUT JUST COMPENSATION CLAIM

The Plaintiff attempts to state a claim for taking without just compensation alleging that the Defendant has, among other things, interfered with Plaintiff's use and enjoyment of its property interest. Plaintiff also alleges that the Defendant refused to convey title. The Court is puzzled why the Plaintiff claims a taking without just compensation when the Plaintiff does not own the property at issue. Nevertheless, even if the Plaintiff can state a takings claim, it is unripe and will be dismissed.

"[I]f a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 (1985). See *SK Finance SA v. La Plata County, Board of County Commissioners*, 126 F.3d 1272, 1276 (10th Cir. 1997) ("a federal constitutional claim is not ripe until compensation is denied under state procedures, if adequate state procedures exist . . . . An inverse condemnation cause of action under a state's constitution is such a procedure that must be utilized before a federal takings claim can mature.") (citations omitted).

The Plaintiff claims that the County's repudiation of the contract and refusal to convey title constitutes a taking of property without just compensation in violation of the Fourteenth Amendment of the United States Constitution. The State of New Mexico has provided for inverse condemnation, *See* N.M.S.A. § 42A-1-29 (1994 Repl. Pamp.). Because the Plaintiff has not demonstrated that compensation was denied under New Mexico's procedure nor that the State of New Mexico's procedure is inadequate, Plaintiff's federal takings claim is not ripe and will be dismissed without prejudice.

### SUBSTANTIVE AND PROCEDURAL DUE PROCESS CLAIMS

"The Tenth Circuit repeatedly has held that the ripeness requirement of *Williamson* applies to due process . . . claims that rest upon the same facts as a concomitant takings claim." *Bateman v. City of West Bountiful*, 89 F.3d 704, 709 (10th Cir. 1996) (citing cases for both substantive and procedural due process).

The Plaintiff claims it was denied substantive and procedural due process, in violation of the Fourteenth Amendment of the United States, when the County Council repudiated the contract to

sell the County Property to the Plaintiff and repealed Ordinance No. 416, without the consent of the Plaintiff, without a meaningful opportunity to be heard. Amended Complaint at 4-5. Because the Plaintiff has not resorted to the inverse condemnation procedures to recover compensation for the alleged taking, the substantive and due process claims are likewise not ripe because they are based on the same alleged deprivation.

## 42 U.S.C. § 1983 CLAIM

"[B]ecause the Fifth Amendment proscribes takings without just compensation, no constitutional violation occurs until just compensation has been denied. The nature of the constitutional right therefore requires that a property owner utilize procedures for obtaining compensation before bringing a § 1983 action." *Williamson*, 473 U.S. at 195 n.13. Because the Plaintiff has not been denied compensation and has not utilized state procedures for obtaining compensation, the § 1983 claim will be dismissed as premature.

## STATE LAW CLAIMS

The Plaintiff's first three claims allege that the Defendant violated Article II of the New Mexico Constitution, and the fifth claim alleges breach of contract. Because the Court will dismiss all claims over which it has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the state law claims. 28 U.S.C. § 1367 (c)(3).

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss Amended Complaint (Docket No. 10), filed May 13, 1999, is **granted** and the Amended Complaint is **dismissed without prejudice.**

                                                                                         **UNITED STATES DISTRICT JUDGE**